Edward Cardenas SANCHEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25927.

United States Court of Appeals Fifth Circuit.

Oct. 23, 1968.

Edward Cardenas Sanchez, pro se.

Morton L. Susman, U. S. Atty., James R. Gough, Ronald J. Blask, Asst. U. S. Attys., Houston, Tex., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

This is an appeal from a denial of a motion to vacate, 28 U.S.C. § 2255, a judgment based on a plea of guilty of illegally purchasing narcotics, 26 U.S.C. § 4704(a).

The District Court denied relief without an evidentiary hearing, holding that the files and records of the case conclusively show that the appellant is entitled to no relief. We find no error and affirm.

The appellant, represented by counsel, interrupted his trial with a request to be re-arraigned on the tax count of the indictment. The court accepted the plea after being assured by the appellant that he was pleading guilty voluntarily and understandingly.

Appellant alleged in his § 2255 motion that he was mentally incompetent at the time due to narcotics addiction. He had been continuously in jail for almost three months prior to the date on which he pleaded guilty, and he did not allege that he used any drugs during that time. Cf. Cooper v. Holman, 5 Cir. 1966, 356 F.2d 82.

The District Court held that the appellant's bare allegation of his history of drug addiction was insufficient to raise the issue of lack of mental competency. Accord, Streator v. United States, 5 Cir. 1966, 367 F.2d 384; Williams v. United States, 5 Cir. 1966, 367 F.2d 143.

The court likewise found that the allegation of wrongful inducement of the guilty plea by counsel was without merit, as evidenced by the appellant's own replies to questions of the court at the time the plea was entered. See Pursley v. United States, 5 Cir. 1968, 391 F.2d 224; Helpman v. United States, 5 Cir. 1967, 373 F.2d 401; Williams v. United States, supra.

After a careful examination of the record, we have concluded that the findings of the District Court are not clearly erroneous. Rule 52(a), F.R.Civ.P. Therefore the judgment of the District Court is

Affirmed.