Frank Lewis **GIBILTERRA**, Petitioner-
Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 24640.

United States Court of Appeals,
Ninth Circuit.

June 17, 1970.

1. Kelly v. State, 84 Nev. 332, 440 P.2d 889
(1968).

2. 28 U.S.C. § 2241 et seq.

S. James Chapman, El Cajon, Cal., Frank Lewis Gibilterra, for appellant.

Harry D. Steward, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and BYRNE, District Judge*.

PER CURIAM:

Appellant seeks relief under 28 U.S.C. § 2255 from a conviction, following a guilty plea, of impeding a border search (18 U.S.C. § 2231). After a hearing before the District Court his motion was denied. The sole question presented here is the validity of the guilty plea.

Appellant's principal contention is that at the time of the entry of the plea he was suffering withdrawal symptoms from narcotics addiction, and was primarily concerned with securing federal medical treatment for his addiction problem.

It is apparent from the record that appellant, with the advice of counsel, believed that if he pleaded guilty he would be more likely to receive a light sentence, with treatment for narcotics addiction.

This belief was, in fact, well founded.[1] The fact that hope for speedy treatment was a motivating force behind appellant's decision to plead guilty does not render that plea involuntary. The District Court's findings established the fact that the plea was voluntarily and intelligently entered. These findings are not clearly erroneous.

Judgment affirmed.

---

* Honorable William M. Byrne, United States District Judge for the Central District of California, sitting by designation.

1. Appellant received a three-year sentence under the provisions of 18 U.S.C. § 4208 (a) (2). Treatment for narcotics addiction was rendered during this period, apparently with complete success.