487 P.2d 315

**Robert GONZALES, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 12262.**

Supreme Court of Utah.

July 12, 1971.

---

Ronald N. Boyce, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

TUCKETT, Justice.

The plaintiff appeals from a decision of the district court denying him a writ of habeas corpus. The petitioner seeks reversal of that decision or in the alternative a new trial.

On March 31, 1969, the plaintiff was arraigned in the district court on an information charging him with burglary in the third degree and with grand larceny.

At the time of his arraignment he was represented by competent counsel, and after being fully advised as to his rights he elected to enter a plea of guilty to the count charging him with grand larceny. Thereafter the charge of burglary was dismissed by the district attorney. The plaintiff waived time for the pronouncement of judgment and the court pronounced sentence and ordered a commitment to issue.

For a number of years prior to the plaintiff's entry of plea and his commitment to the Utah State Prison, he was addicted to the use of heroin. Upon the trial of these proceedings in the court below the plaintiff testified that at the time of his arraignment he was suffering from severe withdrawal symptoms. Prior to his arraignment the plaintiff had been incarcerated in the county jail awaiting disposition of his case and during that period he had been without heroin or other narcotics. The court below found that the plaintiff was suffering from withdrawal symptoms at the time he was arraigned but that he was mentally alert and entered a plea of guilty to the information voluntarily, knowingly and intelligently.[1] The record supports the trial court's conclusion that at the time the plaintiff entered a plea of guilty to the information he was not mentally incompetent, nor was he incapable of acting knowingly and intelligently.[2] We are of the

---

1. Gibilterra v. United States, 9 Cir., 428 F.2d 393.

2. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

opinion that the decision of the trial court should be affirmed, and it is so ordered. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.