STATE OF NORTH CAROLINA v. AMOS ELLIS

No. 717SC550

(Filed 15 December 1971)

1. **Criminal Law § 23— validity of guilty pleas — defendant's taking of a tranquilizer**

    Defendant's guilty pleas were not rendered invalid by the fact that defendant was taking a tranquilizer called Thorazine, where defendant admitted to the judge that his ability to reason and understand was not affected by the tranquilizer.

2. **Criminal Law § 137— validity of sentencing — defective counts — plea of guilty to consolidated counts**

    Where two defective larceny counts were consolidated with other and valid counts for judgment and the punishment imposed did not exceed the maximum statutory punishment for any one of the valid counts, a plea of guilty on any of the valid counts will support the judgment.

APPEAL by defendant from *Tillery, Judge,* 19 April 1971 Session, Superior Court of EDGECOMBE County.

Defendant, Amos Ellis, was charged with six counts of felonious breaking and entering, six counts of felonious larceny and one count of misdemeanor larceny. On 17 March 1971 the defendant was committed by court order to the Cherry Hospital at Goldsboro for 60 days observation and examination to determine whether he was mentally competent and thus able to stand trial. When the defendant was discharged from the hos-

pital on 20 April 1971, the psychiatric report made by Dr. I. Retenis, Regional Director, Forensic Psychiatry, recommended that the defendant was without psychosis and was able to stand trial.

The cases were consolidated for trial and on 21 April 1971, the defendant, through his court-appointed attorney, entered a plea of guilty to each of the 13 charges. The presiding judge examined the defendant to determine whether his plea was voluntarily and understandingly given. The defendant then signed the transcript of plea verifying that his answers were true and correct. The transcript of plea, as shown by the record, indicated that defendant's guilty plea was voluntarily, understandingly and freely given without undue influence, compulsion or duress and without promise of leniency. The following dialogue then transpired:

"By the Court: I may have misunderstood one of your answers. I asked you if you were under the influence of alcohol, drugs, narcotics, medicines or other pills. What was your answer?

By the defendant: Nothing but thorazine.

By the Court: Thorazine? What effect does that have on you?

By the defendant: I don't know. It's under doctor's medication.

By the Court: How much are you taking?

By the defendant: 50 milligrams three times a day.

By Mr. Hoyle, attorney for the defendant: I understand his physician has given him medication for epilepsy.

By the Court: You have no concern do you, Mr. Ellis, that you understand what you are now talking about?

By the defendant: I know what I am talking about.

By the Court: All right."

As a result of his examination, the court entered an adjudication that thorazine in no way affected defendant's ability to reason and understand and that he freely, understandingly and knowingly pleaded guilty and ordered that his plea of guilty be entered in the record. As a result of his guilty plea to 13

offenses, defendant was sentenced to eight to ten years in prison. Defendant appealed in forma pauperis to this Court.

*Attorney General Morgan by Assistant Attorneys General Melvin and Ray for the State.*

*Taylor, Brinson and Aycock, by William W. Aycock, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant on appeal contends that he was under the influence of drugs at the time of the entering of his guilty pleas, and that he did not know what he was doing. The record clearly shows the facts to be to the contrary. The questions asked of defendant by the presiding judge were substantially the same as the ones asked in *State v. Adams,* 277 N.C. 427, 178 S.E. 2d 72 (1970), to determine whether the guilty pleas were voluntarily, intelligently and understandingly made. In compliance with *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709 (1969), this Court has held that it must affirmatively appear on the record that a plea of guilty was understandingly and voluntarily made. *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971). This case is in compliance with *Harris* as evidenced by the record which includes a "transcript of plea" and an "adjudication" by the court that the guilty pleas were freely and voluntarily made.

The only remaining question then is whether the record reveals ample evidence to support the trial judge's finding. We think that it does. Thorazine is the trade name for the preparation of chlorpromazine hydrochloride and is used as a tranquilizer. Tranquilizer, as commonly defined, is a medicinal substance which calms the emotions of a patient without affecting the clarity of consciousness. See Dorland, Illustrated Medical Dictionary 294, 1577, 1603 (24th Ed. 1965) ; Schmidt, Attorney's Dictionary of Medicine 177, 900 (1969). By his own admission the defendant's ability to reason and understand was in no way affected by the drug thorazine. Where it appears that the trial judge made careful inquiry of the accused as to the voluntariness of his pleas, and there is ample evidence to support the judge's finding that defendant freely, understandingly and voluntarily pleaded guilty to the charges, the acceptance of defendant's guilty plea will not be disturbed on appeal. *State v. Hunter,* 279 N.C. 498, 183 S.E. 2d 665 (1971).

[2] It appears that the count of larceny in two of the indictments might well be defective for insufficient description of the property. However, conceding this to be true, no prejudice has resulted. These two counts were consolidated for judgment with six charges of felonious breaking and entering, four other charges of felonious larceny, and one charge of misdemeanor larceny. Judgment on all these counts was imprisonment for not less than eight nor more than ten years. Obviously a plea of guilty on any one count of felonious breaking and entering or felonious larceny would support the judgment.

No error.

Judges CAMPBELL and PARKER concur.