State v. Ratliff

STATE OF NORTH CAROLINA v. CARL THOMAS RATLIFF

No. 7229SC252

(Filed 26 April 1972)

**Criminal Law § 23— plea of guilty — voluntariness — showing in record**
    Defendant's plea of guilty is vacated, and defendant is entitled
    to replead to the charges against him, where the record fails to show
    that there was an examination of the defendant by the court or any-
    one under its direction relating to whether defendant understood the
    connotations. and consequences of the plea.

APPEAL by defendant from *Fountain, Judge,* 23 August 1971
Regular Criminal Session of Superior Court held in POLK
County.

The defendant was charged in a warrant with wilfully
operating a motor vehicle upon the highways of this State during
the period that his driver's license was permanently revoked.

The record reveals that "(t)he defendant, Carl Thomas
Ratliff, in open court and through his counsel, Guy E. Possinger,
enters a plea of guilty to the charge of driving after his opera-
tor's license were (sic) permanently revoked."

From judgment of imprisonment for a term of one year,
the defendant gave notice of appeal to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Witcover
for the State.*

*Guy E. Possinger for defendant appellant.*

MALLARD, Chief Judge.

Although it is stated in the printed record in this case
that the record on appeal was filed in this court on 22 November
1971, it was not filed until 28 January 1972. This was after
the time for docketing the appeal had expired. However, we
treat the appeal as a petition for a writ of certiorari, allow it,
and consider the matter on its merits.

The motion of the State to dismiss the appeal for failing
to serve the case on appeal within the allotted time and for
failing to file a brief at the appropriate time is denied.

The record shows that on 24 November 1971 the solicitor
accepted service of what the defendant called the case on appeal

and did not serve a countercase within the allotted time. The State cannot complain.

This court, *ex mero motu,* directed the Clerk of the Superior Court of Polk County "to certify to this court any and all portions of the record in this case having to do with defendant's plea of guilty." This report of the clerk containing a certified copy of the "court records" fails to show any questions asked of or statements volunteered by the defendant with respect to his plea. In *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969), it is stated that the trial judge should canvass "the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." The record in the case before us shows that the defendant's attorney entered the plea for him but fails to show that there was an examination of the defendant by the court or anyone under its direction relating to whether the defendant understood the connotations and consequences of the plea. The voluntariness of a plea of guilty cannot be presumed from a silent record. *State v. Boykin, supra.*

The plea of guilty entered herein is vacated, and the defendant is entitled to replead to the charge upon arraignment in the superior court. *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971).

Error and remanded.

Judges MORRIS and PARKER concur.