**Thomas Charles WARREN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 73–3111

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1974.

Robert E. Price, Houston, Tex. (Court-appointed), for petitioner-appellant.

James R. Gough, Asst. U. S. Atty., Anthony J. P. Farris, U. S. Atty., Houston, Tex., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

On September 29, 1972, petitioner Warren pleaded guilty to a charge of interstate transportation of a stolen motor vehicle, a violation of the Dyer Act (18 U.S.C. § 2312), and received the maximum sentence of five years. Some five months later petitioner initiated the present action, filed pursuant to 28 U.S. C. § 2255, seeking to have his plea set aside. An evidentiary hearing was held before the sentencing judge and relief was denied. We affirm.

Petitioner's brief alleges ten points of error in the original sentencing procedure, but this shotgun attack contains

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

essentially three substantive arguments: (1) that the sentencing court should not have accepted petitioner's waiver of counsel and plea of guilty without conducting a competency hearing as authorized by 18 U.S.C.A. § 4244; (2) that petitioner was induced to enter his plea by a prosecutor's unfulfilled promise of lenient treatment; and (3) that the sentencing court did not follow the dictates of Rule 11 of the Federal Rules of Criminal Procedure in accepting the guilty plea.

The first allegation of error is grounded in the fact that the court had been informed before sentencing that petitioner was a heroin addict. Addiction to narcotics, however, does not automatically render a defendant incompetent either to stand trial or to enter a plea. *See* Grennett v. United States, 1968, 131 U.S.App.D.C. 202, 403 F.2d 928. Nor is a trial court required under all circumstances to order a competency hearing on its own motion whenever the defendant's addiction becomes known. United States v. Williams, 5 Cir. 1972, 468 F.2d 819. The district judge interrogated petitioner at some length in regard to his physical condition at the time of the arraignment and sentencing. He observed Warren's demeanor and the quality of his responses. Petitioner stated that he had taken no hard narcotic drugs during the forty-seven days prior to sentencing—a contention that he did not deny at the § 2255 hearing. On the basis of this record we cannot say that the evidence of mental incompetence was so strong as to require a hearing. The district court, therefore, did not abuse its discretion in failing to order a psychiatric examination of the accused. *See* United States v. Williams, *supra*; Rice v. United States, 5 Cir. 1969, 420 F.2d 863.

Petitioner's second argument is conclusively answered in the transcript of the § 2255 hearing. The district court had the benefit of testimony from petitioner, the Assistant United States Attorney who was alleged to have made the agreement, and the investigating agent from the F.B.I. The court found that the weight of credible evidence did not support petitioner's allegation of a deal. That conclusion is not clearly erroneous. Rule 52(a) F.R.C.P.

The final contention is also governed by the transcript. We have read the exchange between court and defendant at the time of sentencing, which was placed in the record at the § 2255 hearing. We find no deviation from the standards required by Rule 11. Contrary to petitioner's assertions, our examination discloses that the district judge both inquired into the voluntariness of the plea and developed its factual basis in the record. *See* Santobello v. New York, 1971, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427. Petitioner has presented no persuasive reason for disturbing the finality of that Rule 11 proceeding.

Affirmed.