Charles Lester JACKSON, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 74–4073
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 8, 1975.

Rehearing Denied June 16, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Richard T. Simmons, Jr., Asst. Federal Public Defender, New Orleans, La., for petitioner-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, represented by court-appointed counsel, was convicted on his plea of guilty of distribution of heroin, a violation of 21 U.S.C. § 841(a)(1). He was sentenced on September 20, 1972 to five years imprisonment and a three year special parole term.

In his § 2255 motion appellant alleged that the arraigning magistrate and the trial judge were aware that he was undergoing withdrawal from heroin addiction and therefore, he was incompetent to plead guilty; also, he suffered a respiratory ailment, was refused medication while incarcerated awaiting trial, and decided to plead guilty to obtain medication. He contends that under these circumstances his plea was invalid. The District Court conducted an evidentiary hearing on November 13, 1974. Relief was denied in an order filed December 3, 1974 with findings of fact set out in an order filed January 31, 1975.

The record shows that appellant was on methadone from July, 1971 to June, 1972, but began shooting heroin on June 29, 1972 until he was arrested on July 27, 1972. He was kept incarcerated until August 30, 1972, when he pled guilty. Thus more than a month elapsed that he was not on heroin. Trial counsel testified that at his first interview with appellant, on August 16, 1972, appellant admitted his guilt and stated his wish to plead guilty. Counsel stated that appellant appeared alert, logical, and remembered the facts surrounding his arrest. Appellant testified that he understood the proceedings at which he pled guilty and that his plea was entered to expedite his removal from the parish prison.

Addiction to narcotics does not per se render a defendant incompetent to enter a guilty plea, Warren v. United States, 5 Cir., 1974, 488 F.2d 862; United States v. Williams, 5 Cir., 1972, 468 F.2d 819; Howard v. United States, 5 Cir., 1970, 420 F.2d 478; Sanchez v. United States, 5 Cir., 1968, 401 F.2d 771, cert. denied 394 U.S. 962, 89 S.Ct. 1313, 22 L.Ed.2d 564. The District Court found that the appellant understandingly pled guilty. That finding is supported by the transcript of the arraignment and the testimony of appellant and his attorney at the evidentiary hearing. At the arraignment, appellant stated that he understood the charges, that he took time to discuss possible defenses, and that the plea was freely and voluntarily entered. Where the trial court has scrupulously followed Rule 11, F.R.Cr.P., the defendant is bound by his statements in response to that court's inquiry, Frank v. United States, 5 Cir., 1974, 501 F.2d 173; Bryan v. United States, 5 Cir., 1974, 492 F.2d 775. Furthermore, at the hearing on the § 2255 motion appellant admitted his guilt.

The judgment of the District Court denying § 2255 relief is

Affirmed.

## ON PETITION FOR REHEARING

PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied. By a writ of habeas corpus ad testificandum Charles Lester Jackson was given a full hearing in the District Court, which subsequently found that his addiction to narcotics had not infected the voluntary character of his plea of guilty. See, Gibilterra v. United States, 9 Cir., 1970, 428 F.2d 393.