The appellant, Jesse James Bender, pled guilty to the charge of kidnapping on December 15, 1982 and was sentenced to 15 years in the state penitentiary. A petition for writ of error coram nobis was then filed with the trial court on August 19, 1983. Subsequently, the court below denied the writ of error coram nobis and this action is an appeal from said denial.
Appellant raises two issues on appeal, substantially the same two issues he raised on the writ of error coram nobis. Those issues are (1) whether or not an entry of a guilty plea is constitutional when made by one taking medication and his defense counsel is aware of the medication consumption prior to the entry of the guilty plea, and (2) whether the appellant in the present action was denied effective assistance of counsel since the appellant's court-appointed attorney allowed the entry of a guilty plea knowing that the appellant was taking medication.
It is an undisputed axiom that for a guilty plea to be held constitutional it must be made voluntarily and understandingly.Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1968) developed the premise that before a guilty plea may be accepted by the trial court, the record must affirmatively reflect that the accused has a full understanding of what the plea implies and of its consequences. This procedure may be accomplished by an oral examination of the accused conducted by the trial judge. The trial judge is the medium in the best position to determine whether the accused possesses the requisite mental capacity to enter a guilty plea.
Compliance with the Boykin, supra, decision in the case at bar is reflected in the following excerpt from the record: *Page 275 
 "THE COURT: All right, Mr. Bender, you understand now that before I can accept a plea of guilty from you, I must make a finding that you are knowingly and voluntarily entering your plea in this case. Have you discussed your various options with your attorney?
"MR. BENDER: Yes, sir.
 "THE COURT: And you understand the offer by the District Attorney's office is the minimum sentence that can be imposed by law for this particular offense?
"MR. BENDER: Yes, sir.
 "THE COURT: Has anyone made any threats or offered you any hopes of reward or given you any inducements or promises in order to get you to enter this plea or are you doing this of your own free will?
"MR. BENDER: I'm doing it of my own free will.
 "THE COURT: You understand the range of punishment is from 15 years to life for this offense?
"MR. BENDER: Yes, sir.
 "THE COURT: You have gone over this form with your lawyer and you understand what rights you give up by entering a plea of guilty?
"MR. BENDER: Yes, sir.
 "THE COURT: All right. Now I'm going to make a finding that you are knowingly and voluntarily entering your plea and on your plea of guilty, you are accordingly adjudged to be guilty and as punishment for this offense of kidnapping, you are sentenced to the penitentiary of Alabama for 15 years. You'll be given credit for all time you have spent incarcerated awaiting trial so that will be counted onto your total sentence time."
Appellant's trial counsel admits that he was knowledgeable of appellant's medication, specifically Thorazine, prior to the guilty plea. Trial counsel for the appellant testified at the coram nobis hearing in regard to the appellant's Thorazine medication that he "had not detected any difference in Mr. Bender's [appellant's] conduct."
Addiction to narcotics does not per se render one incompetent to enter a plea of guilty. Jackson v. U.S., 512 F.2d 772, 773
(5th Cir. 1975), U.S. v. Robinson, 530 F.2d 677 (5th Cir. 1976). A narcotic, as defined by Stedman's Medical Dictionary, 5th Unabridged Lawyer's Edition (1982), is:
 "Any substance producing stupor associated with analgesia; specifically a drug derived from opium or opium-like compounds, with potent analgesic effects associated with significant alteration of mood and behavior, and with the potential for dependence and tolerance following repeated administration." (emphasis added)
We must consider however the effect of the drug Thorazine on an individual and that individual's possible impairment of physical and mental faculties. As to whether the voluntariness and understanding of an accused are impaired by dosages of Thorazine, we adhere to the decision of North Carolina's Court of Criminal Appeals. State v. Ellis, 13 N.C. App. 163,185 S.E.2d 40 (1971) held:
 "Thorazine is the trade name for the preparation of chlorpromazine hydrochloride and is used as a tranquilizer. Tranquilizer, as commonly defined, is a medicinal substance which calms the emotions of a patient without affecting the clarity of consciousness. See Dorland, Illustrated Medical Dictionary 294, 1577, 1603 (24th Ed. 1965); Schmidt, Attorney's Dictionary of Medicine 177, 900 (1969)." (emphasis added)
Relying on our sister state's decision regarding Thorazine and its effects and the fact that our own Federal Circuit has ruled that narcotic addiction does not necessarily render one incompetent to enter a guilty plea, we should embrace the supposition that the taking of the drug Thorazine or any other tranquilizer does not per se impair one's ability to voluntarily and intelligently enter a guilty plea.
Where the trial court is satisfied that the plea procedure shows that the accused is alert, coherent, and with unimpaired faculty to understand and where a *Page 276 
colloquy is meticulously followed in accordance with Boykin, supra, then a plea of guilty by one receiving medication, more specifically tranquilizers, is allowable, meets all the constitutional requirements and will not be disturbed on appeal.
It appears that in the case at bar, the trial judge conducted a careful Boykin inquiry of the appellant as to the voluntariness and perception of his guilty plea and the possible consequences of such a plea. The record supports the trial judge's findings that the appellant freely, understandingly and voluntarily pleaded guilty to the charges of kidnapping.
A petitioner who claims that his guilty plea was involuntary has a heavy burden of proof. Little v. State, 426 So.2d 527
(Ala.Crim.App. 1983) and Champion v. State, 44 Ala. App. 660,219 So.2d 416 (1969). We have carefully considered appellant's involuntary guilty plea assertion and prudently reviewed the record and have discerned that the necessary burden of proof has not been met to overturn the trial court's decision. Therefore, the acceptance of the guilty plea and judgment of the lower court must be upheld.
Little, supra, stated that the competency of trial counsel is presumed valid. See also Harris v. State, 367 So.2d 524
(Ala.Crim.App. 1978). Consequently, having decided that the guilty plea by our appellant was voluntarily and intelligently made while receiving medication, we hold that the appellant was not denied effective assistance of counsel due to trial counsel allowing the entry of a guilty plea knowing the appellant was receiving medication.
Our careful search of the record for errors injurious to the appellant's substantial rights, revealed none.
This cause is therefore due to be affirmed.
AFFIRMED.
All the Judges concur.