TYSON, Judge.
Phillip Bell Watkins was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. He entered a plea of not guilty to the charge and his case was consolidated with that of his co-defendant, Annie L. Hampton. On the day of trial, the appellant’s case was severed from that of the co-defendant and the appellant entered a plea of guilty to robbery in the second degree, pursuant to a plea bargain agreement. Further, the appellant was sentenced to twenty-five years in the penitentiary pursuant to the provisions of the Alabama Habitual Felony Offender Act and such sentence was agreed upon by the parties in the plea bargain.
The appellant testified that he was told by Annie L. Hampton that she was going to rob the local Jitney Jr. He stated that she asked him to obtain a gun for her, but he was unable to do so. He stated that Ms. Hampton subsequently obtained a gun and they proceeded to the Jitney Jr. He stated that Ms. Hampton exited the car and entered the store. He stated that he left and parked the car in an alley. He stated that Ms. Hampton robbed the store, then walked up the alley and got in the car. He stated that he drove the car to his sister’s house where Ms. Hampton counted the money and gave him ninety dollars. He stated that he was arrested the following day.
I
The appellant contends that the trial court erred in accepting his guilty plea. He specifically argues that the court should not have accepted his plea after learning that he had smoked some marijuana over the weekend, prior to entering his plea. It should be noted that the appellant plead guilty on a Monday.
*1057 It is well settled that for a guilty plea to be held constitutional and, hence, properly accepted by the trial court, it must be made voluntarily and understanding. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Boykin developed the premise that, before a guilty plea may be accepted by the trial court, the record must affirmatively reflect that the accused has a full understanding of what the plea implies and of its consequences. This procedure may be accomplished by an oral examination of the accused, conducted by the trial judge.
The following excerpt from the record reveals that the trial court was in compliance with the Boykin decision:
“THE COURT: All right. In this case, you are charged with robbery in the first degree, but I understand the State is moving that you be charged with the lesser-included offense of robbery in the second degree; is that right, Mr. Starnes?
“MR. STARNES: Yes, sir.
“THE COURT: On that charge, I understand you wish to withdraw your plea of not guilty and enter a plea of guilty; is that right, Mr. Watkins?
“THE DEFENDANT: Yes, sir.
“THE COURT: On the 9th day of May, 1983, you were given these papers, which I show you here, Mr. Watkins, one green in color, the attached Schedule A, setting out the punishments of all the offenses, whether you had previous convictions or no previous convictions and the attached Schedule A to that. You signed the green paper saying that you can read, have read and gone over thoroughly with your attorney the matters contained in these papers.
“THE DEFENDANT: Yes, sir.
“THE COURT: Those matters being the charge against you which I’ve already stated — well, it is now robbery in the second degree, which is a Class B felony instead of a Class A felony, the punishment for a Class B felony being not less than two years nor more than twenty years in the penitentiary, and also a fine not to exceed $10,000. But the State has filed a motion asking that you be treated as a Habitual Offender. In that motion, there are two previous convictions, which, if you are determined to be a Habitual Offender, and if you plead guilty to a Class B felony, then the imprisonment is not less than fifteen years in the penitentiary and not more than ninety-nine years, or life. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: All right, sir. And that contained also your basic constitutional rights, Mr. Watkins. Did you, in fact, go over that with your attorney?
“THE DEFENDANT: Yes, sir.
“THE COURT: And do you feel that you understand the three matters that I spoke to you about?
“THE DEFENDANT: Yes, sir.
“THE COURT: Is there anything further you want the Court to explain to you about the present charge against you, the possible punishment, or your rights?
“THE DEFENDANT: No, sir.
“THE COURT: All right, sir. By pleading guilty, Mr. Watkins, you give up certain rights, some of those rights being the right to a speedy and public trial; the right to a trial by jury; the right to see, hear and question all witnesses against you; the right to ■ present evidence in your favor, and either to testify for yourself or remain silent, as you might desire; the right to have witnesses subpoenaed for you; and the right to full representation by your attorney before, during and after a trial by jury. Do you understand that by pleading guilty you give up those rights?
“THE DEFENDANT: Yes, sir.
“THE COURT: And it is the same as if you pled guilty — the same as if you had a trial and the jury found you guilty. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: All right, sir. The Court determines that the Defendant does have *1058 a full understanding of what a plea of guilt means and of its consequences. In this case, Mr. Watkins, you are charged with by the use of threats or physical force, and being assisted by another person, that you took $313.00 from the person of Julie Broadus of the Jitney Jr. No. 1, here in Marshall County, the property of one Arthur Keith Hendrix. Did you, in fact, go in and in effect rob Julie Broadus.” (R. 4, 5, 6, 7)
Therefore, the trial court, having fully complied with the requirements of Boykin, the burden of establishing that the guilty plea was invalid is upon the appellant. Gill v. State, 380 So.2d 1008 (Ala.Crim.App.1980); Phelps v. State, 410 So.2d 435 (Ala.Crim.App. 1981); Spears v. State, 428 So.2d 174 (Ala.Crim.App.1982). The appellant argues that his guilty plea was not given voluntarily, intelligently, and understanding^ in view of the fact that he had smoked marijuana within the last twenty-four to forty-eight hours before the plea was entered. The record in this case does not support the contention that the appellant was under the influence of any drugs at the time he entered his plea of guilt. In fact, the record leads us in the opposite direction. From the record of the guilty plea hearing we find the following:
“THE COURT: In other words, it is of your own free will that you are pleading guilty?
“THE DEFENDANT: Yes, sir.
“THE COURT: Are you under the influence of any drugs, medicines or alcohol? “THE DEFENDANT: No, sir. No, sir. “THE COURT: Are you taking any kind of medicine?
“THE DEFENDANT: No, sir.
“THE COURT: Are you taking any kinds of drugs?
“THE DEFENDANT: Well — right now? “THE COURT: Yes, sir.
“THE DEFENDANT: No, sir.
“THE COURT: When is the last time that you’ve taken any kind of drugs in the last — did you take some yesterday or—
“THE DEFENDANT: Well, I smoked some pot over the weekend.
“THE COURT: Okay. Do you realize what you’re doing? Has that affected you in any way?
“THE DEFENDANT: No, sir.
“THE COURT: So you know what you’re doing?
“THE DEFENDANT: Yes, sir.
“THE COURT: But that’s gone out of your system as far as you know?
“THE DEFENDANT: Yes, sir.” (R. 9-10)
“Addiction to narcotics does not per se render one incompetent to enter a plea of guilty.” Jackson v. United States, 512 F.2d 772 (5th Cir.1975); United States v. Robinson, 530 F.2d 677 (5th Cir.1976). Moreover, the trial judge who accepted the plea is in a far better position to determine whether the appellant voluntarily, intelligently and understanding^ made his plea of guilt. See Sanders v. State, 414 So.2d 482 (Ala.Crim.App.1982); Williams v. State, 386 So.2d 506 (Ala.Crim.App.1980). Relying on the authority hereinabove cited, we are of the opinion that the smoking of marijuana some twenty-four to forty-eight hours before does not per se impair ones ability to voluntarily and intelligently enter a guilty plea. Therefore, the trial judge did not err in accepting the plea. See also, Eathorne v. State, 448 So.2d 445 (Ala.Crim.App.1984).
II
The appellant also contends that it was error for the trial court to sentence him to twenty-five years in the penitentiary for robbery in the second degree, while his co-defendant only received fifteen years for robbery in the first degree. The appellant argues that the sentence imposed is excessive and unfair in light of his relatively minor participation in the offense.
It should be noted initially that appellant’s sentence was the result of a plea bargain agreement between the parties and consented to by the appellant. (R. 16, 17) The appellant’s sentence was enhanced pursuant to the Alabama Habitual Felony Of *1059 fender Act. He was given due notice of the State’s intention to proceed under the Act. The appellant’s prior convictions were: (1) Grand larceny; and (2) Grand larceny. He was represented by counsel at both of the prior convictions.
The appellant’s sentence of twenty-five years is neither disproportionate to the crime he has committed, nor is it excessive in length. The appellant’s sentence was within the bounds set out in § 13A-5-9, Code of Alabama 1975. That section authorizes that, upon conviction of a Class B felony, which robbery in the second degree is, if a defendant has two prior felony convictions he may be sentenced not less than fifteen years nor more than ninety-nine. Alabama Code § 13A-5-9(b)(2). Where punishment is properly imposed within the limits defined by the punishing statute, this court is without jurisdiction to review the punishment. Fagan v. State, 412 So.2d 1282 (Ala.Crim.App.1982);' Wright v. State, 423 So.2d 345 (Ala.Crim.App.1982). Further, the appellant complains that his sentence was more severe than that of his co-defendant’s. It should be noted that his co-defendant had only one prior felony conviction. The appellant’s argument on this point is without merit. Therefore, the trial judge did not err in sentencing the appellant.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.