MADDOX, Justice.
Jesse James Bender pleaded guilty on December 15, 1982, to kidnapping in the second degree. On August 18, 1983, he filed a petition for writ of error coram nobis; the petition was denied after a hearing by the trial court. Bender appealed that denial to the Court of Criminal Appeals, which affirmed. See Bender v. State, 455 So.2d 273 (Ala.Crim.App.1984). On March 18, 1987, Bender filed another petition for writ of error coram nobis. The trial court denied this second petition after argument of counsel, but without a full hearing. The Court of Criminal Appeals affirmed, without opinion. 524 So.2d 387 (1988). We granted Bender’s petition for writ of certiorari to determine whether a full hearing should have been conducted on the second petition.
Rule 20.2(b), Temp.Ala.R.Crim.P., which concerns successive post-conviction petitions, states:
“The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.” (Emphasis added.)
In his second petition, Bender contended that a psychiatric evaluation conducted before he entered his guilty plea was made by an unqualified evaluator. He claims on appeal that he did not discover that his evaluator had fraudulently misrepresented his credentials until after the first petition had been adjudicated. He also claims that this issue was not addressed in his first petition.
*807 The state contends that the first petition contained an allegation that his psychiatric testing was not adequate, and it contends that the allegations of the second petition are significantly similar in that it also complains of irregularities in the evaluation.
We agree with Bender that his second petition presented sufficient grounds of a novel character so as to require a hearing. Although it is true that his first petition contained general allegations concerning the adequacy of his evaluation, it did not specifically question the fitness of the evaluator.
Essentially, Bender contends that his plea of guilty was based upon the evaluation made by the psychologist, and, as we understand his theory, was therefore involuntary.
By reversing, we do not hold that petitioner’s plea of guilty was involuntarily made. We hold only that he has a right to attempt to show that it was.
The judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that court with instructions to order a full hearing on the petition in the circuit court.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.