STATE OF NORTH CAROLINA v. CLOYD ALAN STAFFORD, JR.

No. 9318SC508

(Filed 15 March 1994)

**Automobiles and Other Vehicles § 818.1 (NCI4th); Criminal Law § 135 (NCI4th)— habitual impaired driving—admissibility of prior convictions—collateral attack on prior convictions impermissible**

The trial court properly denied defendant's motion to suppress the evidence of his prior DWI convictions in a prosecution for habitual impaired driving, though defendant alleged that court records failed to show that defendant was represented by counsel when he entered guilty pleas in those prior cases and they therefore did not comply with *Boykin v. Alabama,* 395 U.S. 238, since defendant could not *collaterally* attack the validity of his DWI convictions.

**Am Jur 2d, Automobiles and Highway Traffic §§ 296-310; Criminal Law §§ 469-472.**

Appeal by defendant from judgment entered 4 March 1993 by Judge Steve Allen in Guilford County Superior Court. Heard in the Court of Appeals 11 January 1994.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Lisa M. Miles, Assistant Public Defender, Eighteenth Judicial District, for defendant-appellant.*

STATE v. STAFFORD

[114 N.C. App. 101 (1994)]

JOHNSON, Judge.

Defendant Cloyd Alan Stafford, Jr. was convicted in Guilford County Superior Court of habitual impaired driving pursuant to North Carolina General Statutes § 20-138.5 (1993) on 4 March 1993. This statute, enacted in 1990, reads in pertinent part that "[a] person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense."

As predicates for this charge, the indictments alleged that defendant had been convicted of driving while impaired (DWI) on three occasions since 1986. Each of the previous convictions occurred in Guilford County. The files maintained by the Guilford County Clerk of Court indicated that in two of the cases, defendant was not represented by counsel, that he pled guilty to the offenses, and that judgments were entered against him based on his pleas.

Prior to trial, defendant moved to suppress the prior convictions on the grounds that they were invalid under *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274 (1969), and could not, therefore, be used against him in a subsequent proceeding. The trial court denied this motion and defendant was found guilty by jury trial of DWI. During the habitual phase of the trial, defendant again objected to the State's use of the convictions; the trial court overruled defendant's objection. Defendant then pled guilty to habitual impaired driving, specifically reserving the right to appeal the *Boykin* issue. Judgment was entered, and defendant gave notice of appeal to this Court.

Defendant's sole argument on appeal is that the trial court erred in denying defendant's motion to suppress the use of prior convictions where the court records failed to show that the convictions complied with *Boykin v. Alabama*.

In *Boykin v. Alabama*, the United States Supreme Court overturned a guilty plea for lack of sufficient showing in the record that the trial court had made the defendant aware of the constitutional consequences of his plea. The defendant in *Boykin* pled guilty to five charges of common law robbery and was sentenced to death; the court determined that the record was insufficient to show that the defendant knowingly entered his pleas even though he was represented by counsel at the time.

Following *Boykin*, "panels of the North Carolina Court of Appeals . . . held consistently that, notwithstanding a defendant who is represented by counsel enters a plea of guilty or a plea of *nolo contendere*, it must appear affirmatively in the record that he did so voluntarily and understandingly." *State v. Ford*, 281 N.C. 62, 65, 187 S.E.2d 741, 743 (1972); *State v. Ratliff*, 14 N.C. App. 275, 188 S.E.2d 14 (1972). North Carolina General Statutes § 15A-1022 (Cum. Supp. 1993), which requires superior court judges to address defendants personally and to inform defendants of certain consequences of guilty pleas, was enacted in 1973 in response to *Boykin*.

In the case *sub judice*, however, we are asked to apply *Boykin* to a collateral attack; i.e., defendant argues that if the prior DWI convictions were not valid pursuant to *Boykin*, they cannot be used to convict defendant of the offense of habitual impaired driving. Defendant cites many North Carolina cases to bolster his position; however, these cases all involve *direct* attacks on the prior convictions. *State v. Harris*, 10 N.C. App. 553, 180 S.E.2d 29 (1971) is one such example, where the defendant had two guilty pleas, the latter of the two serving as the basis for an order revoking the defendant's probation and found to not comply with *Boykin*.

We examine *State v. Noles*, 12 N.C. App. 676, 184 S.E.2d 409 (1971). In *Noles*, the defendant entered a plea of guilty and was convicted of a charge of uttering a worthless check. The defendant received a suspended sentence; one requirement of the suspended sentence was that the defendant not violate any laws of North Carolina for the next five years. Five months later, the defendant entered a plea of guilty to another charge of uttering a worthless check; the next month, he was arrested for having violated the probation terms of the first conviction. Defendant appealed the activation of his suspended sentence on *Boykin* grounds. Our Court said:

> Defendant . . . attack[s] the validity of the warrant upon which he was originally tried and the resulting judgment . . . because there was no affirmative showing on the record that the defendant entered a plea of guilty understandingly and voluntarily. The defendant cites [*Harris*] as authority for his proposition, but the cases can be distinguished. Both cases involve appeals from an order activating suspended sentences and in both the contention was that guilty pleas not in compliance with [*Boykin*] were entered. In *Harris* the defendant directly attacked the

validity of the later judgment which was the basis for the activation of his original suspended sentence. In the present case, however, the defendant tries to attack collaterally the validity of the original judgment, where his sentence was suspended, in an appeal from the revocation of that suspension. It is here that the similarity ends and the difference lies. When appealing from an order activating a suspended sentence, inquiries are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time. . . . Questioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is, we believe, an impermissible collateral attack. The proper procedure which provides the defendant adequate opportunity for adjudication of claimed deprivations of constitutional rights is under the Post-Conviction Hearing Act[.]

*Id.* at 678, 184 S.E.2d at 410 (citations omitted). We find on our facts, as in *Noles*, that defendant may not collaterally attack the validity of his prior DWI convictions.

Defendant cites *Parke v. Raley*, --- U.S. ---, 121 L.Ed.2d 391 (1992), a recent United States Supreme Court case dealing with *Boykin*. *Parke* upheld a Kentucky state court procedure which shifted the burden to the defendant to establish the invalidity of a conviction under *Boykin* once the state had proved its existence; the Kentucky procedure involved a collateral attack upon a prior conviction during a recidivism proceeding. However, we note that in *Parke* the Supreme Court did not extend the presumptive invalidity of *Boykin* to the collateral attack, stating "[t]o import *Boykin's* presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Id.* at ---, 121 L.Ed.2d at 404 (citations omitted).

In the case *sub judice*, because we find that defendant may not collaterally attack the validity of his prior DWI convictions, we find the trial court properly denied defendant's *motion to* suppress the evidence of his prior DWI convictions.

The decision of the trial court is affirmed.

Judges EAGLES and LEWIS concur.