**STATE v. MUSCIA**

[115 N.C. App. 498 (1994)]

———————

STATE OF NORTH CAROLINA v. MARK A. MUSCIA, DEFENDANT

No. 931SC454

(Filed 5 July 1994)

**Automobiles and Other Vehicles § 818.1 (NCI4th)— habitual impaired driving—no collateral attack on prior convictions**

A defendant cannot collaterally attack the validity of his prior convictions in a prosecution for habitual impaired driving.

**Am Jur 2d, Automobiles and Highway Traffic § 310.**

STATE v. MUSCIA

[115 N.C. App. 498 (1994)]

Appeal by defendant from judgment entered 3 February 1993 by Judge Gary E. Trawick in Dare County Superior Court. Heard in the Court of Appeals 4 January 1994.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Aycock, Spence & Butler, by W. Mark Spence, for defendant appellant.*

COZORT, Judge.

The only question before us is whether the trial court properly considered defendant's prior driving while impaired conviction to enhance the punishment imposed for this offense of driving while impaired. Defendant contends the trial court should not have considered his prior DWI conviction of May 1990 because it was based on a guilty plea which was obtained in violation of his constitutional rights. Specifically, defendant contends the prior guilty plea could not be considered because it was invalid under *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274 (1969). Defendant contends the plea was entered without defendant first being advised of his right against compulsory self-incrimination and his right to confront his witnesses against him. We affirm.

Defendant was arrested for driving while impaired on 3 January 1992. Defendant was convicted of driving while impaired in district court. Thereafter, defendant appealed to the superior court. Defendant entered a guilty plea and made a motion to suppress the prior 1990 conviction for purposes of sentencing. The motion was heard by the Honorable Gary E. Trawick on 1 February 1993. Judge Trawick denied defendant's motion, considered defendant's prior 1990 DWI conviction as a grossly aggravating factor, and imposed a level two punishment.

In *State v. Stafford*, 114 N.C. App. 101, 440 S.E.2d 846 (1994), this Court held that a defendant could not collaterally attack the validity of his prior convictions in a habitual impaired driving case. The defendant in *Stafford* moved to suppress the admission of his prior DWI convictions in his habitually impaired driving trial on grounds that they were invalid under *Boykin v. Alabama*. We find *Stafford* controlling here, where defendant seeks to suppress the use of his prior conviction to aggravate the sentence imposed for a subsequent DWI offense on grounds that the prior conviction was invalid under *Boykin*. Thus, following *Stafford*, we find the trial court did not err by

denying defendant's motion to suppress and by considering defendant's prior DWI conviction.

Affirmed.

Judges GREENE and WYNN concur.