MONTIEL, Judge.
The appellant, Unree Pollinitz, was indicted for theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. He entered a plea of guilty to the charge, and the trial court sentenced him to 15 years in prison. Pollinitz applied for probation, but the trial court denied the request. Pollinitz then moved to set aside his guilty plea, claiming that when he entered the plea, he was under the influence of alcohol, marijuana, cocaine, and Tylenol 4. Following a hearing, the trial court denied Pollinitz’s motion.
Pollinitz contends that the trial court erred in denying his motion to set aside his guilty plea, which, he argues, was not entered voluntarily, intelligently, and knowingly because it was allegedly made after he had ingested alcohol, Tylenol 4, cocaine, and marijuana, and because, he says, his counsel advised him that he could withdraw his plea if he was not granted probation.
The record shows that Pollinitz signed an explanation of rights and a guilty plea form, as well as a form stating that he was satisfied with his attorney’s services. The record further shows that the trial court conducted a colloquy with Pollinitz in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), before accepting his guilty plea.
The record shows that at the hearing on the motion to set aside his guilty plea, Pollin-itz testified that he was addicted to cocaine, alcohol, and Tylenol 4. He also testified that on the night before he appeared in court and entered his guilty plea, he smoked four or five marijuana cigarettes, used about a gram of cocaine, and drank one and one-half pints of gin and that when he did so he did not know he would have to appear in court the next day. Pollinitz also testified that he had been up all night before he entered his guilty plea. When the bailiff notified him that he had 45 minutes to get to court, Pollinitz said, he used some cocaine, drank some alcohol, took three or four Tylenol 4s, and went to court.
Pollinitz testified that on the morning he entered his guilty plea, he was under the influence of drugs and alcohol, that he was scared, and confused, and that he did not understand what he was doing. The record also shows that after he entered his guilty plea, Pollinitz was subjected to a drug test, and his urine tested positive for cocaine and marijuana.
Pollinitz’s attorney at the time he pleaded guilty, Anthony Falletta, testified that he had not told Pollinitz that he would be placed on probation, or that he could withdraw his guilty plea if he did not get probation, at least, he said, “not in those exact words.” Falletta testified that he did tell Pollinitz that, in some situations, after a guilty plea was entered, the trial court would let a defendant withdraw a plea under certain circumstances. He assured the trial court that he had not represented to Pollinitz that he would be allowed to withdraw his plea. Fal-letta further testified that Pollinitz did not appear to be under the influence of any intoxicants on the morning he entered his plea.
If the trial court complies with Boy-kin, then the appellant has the burden of establishing that the guilty plea was invalid. Watkins v. State, 454 So.2d 1055 (Ala.Crim. App.1984); Spears v. State, 428 So.2d 174 (Ala.Crim.App.1982).
“The trial judge is the medium in the best position to determine whether the accused possesses the requisite mental capacity to enter a guilty plea.” Bender v. State, 455 So.2d 273 (Ala.Crim.App.1984).
*188 “Where the trial court is satisfied that the plea procedure shows that the accused is alert, coherent, and with unimpaired faculty to understand and where a colloquy is meticulously followed in accordance with Boykin, supra, then a plea of guilty by one receiving medication, more specifically tranquilizers, is allowable, meets all the constitutional requirements and will not be disturbed on appeal.”
Bender v. State, 455 So.2d at 275-76.
The same principle applied in Bender should apply whether a defendant claims to have taken tranquilizers or stimulants. In this case, the trial court had the opportunity to observe and to listen to Pollin-itz, and it determined that after examining Pollinitz, “the Court find[s] no infirmities to prevent it from taking a plea.” Our review of the record supports the trial judge’s findings. In his responses to the court, Pollinitz was coherent and appeared to understand the proceedings.
Further, in Watkins v. State, 454 So.2d at 1058, this Court held that smoking marijuana 24 to 48 hours before entering a guilty plea does not per se impair one’s ability to voluntarily and intelligently enter a guilty plea and stated that the trial court is in the best position to determine whether an appellant is entering a plea voluntarily, intelligently, and knowingly.
We hold that Pollinitz did not meet his burden of showing that at the time he entered his plea he was under the influence of drugs and alcohol to the extent that his plea was not entered voluntarily and intelligently.
As to whether the plea should have been set aside based on Pollinitz’s claim that his attorney advised him that he could withdraw his plea if probation was denied, we hold that, in light of Falletta’s testimony, the appellant failed to meet his burden on that ground as well.
AFFIRMED.
All the Judges concur.