**STATE v. BASS**

[133 N.C. App. 646 (1999)]

STATE OF NORTH CAROLINA v. DONALD EDGARE BASS

No. COA98-1163

(Filed 15 June 1999)

**Criminal Law— guilty plea—voluntary—motion for appropriate relief denied**

A motion for appropriate relief to a prior guilty plea to an impaired driving charge was properly denied where defendant contended that he had been without counsel and was not informed of his rights against self-incrimination, but there was competent evidence to support the trial court's finding that defendant had not met his burden of proof. The plea will not be disturbed if the evidence supports the trial court's finding that defendant freely, understandably, and voluntarily pled guilty. Furthermore, this motion was made to invalidate a prior conviction which subsequently led to a conviction for habitual impaired driving and the United States Supreme Court has held that a presumption of regularity applies to cases where a final judgment has been reached and that, in cases such as this where the transcript is available, this presumption must be overcome by defendant.

Appeal by defendant from an order signed 5 June 1998 by Judge Thomas G. Foster, Jr. and filed 25 June 1998 in Guilford County District Court. Heard in the Court of Appeals 29 April 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Jill Ledford Cheek, for the State.*

*W. Steven Allen; and William G. Causey, Jr., for defendant-appellant.*

WALKER, Judge.

On 17 March 1991, defendant was charged with driving while impaired in Guilford County. On 18 April 1991, he appeared in district court and requested that an attorney be appointed for him. Defendant's request was denied because it was determined that it was unlikely that defendant would be imprisoned if convicted of the crime. On 28 October 1991, defendant pled guilty to driving while impaired and was given a suspended sentence by Judge Benjamin

Haines. On the judgment, Judge Haines noted that defendant "freely, voluntarily, and understandingly pled guilty."

On 30 April 1998, defendant filed a motion for appropriate relief alleging that, at the time his guilty plea was accepted, he was without counsel and that he was not informed of his rights against self-incrimination, to a jury trial, and to confront his accusers as required by *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274 (1969). The trial court held an evidentiary hearing on 22 May 1998, during which it heard evidence from the defendant and from three attorneys who practiced in district court during the year that defendant pled guilty. Defendant testified that he was not informed of the *Boykin* rights at the time he entered his guilty plea. On 5 June 1998, the trial court denied defendant's motion for appropriate relief and made the following findings and conclusions:

3. The defendant, appearing without counsel, was convicted of driving while impaired in the above-captioned case on October 28, 1991, the Honorable Ben Haines, judge presiding.

4. A copy of the judgment was entered into evidence in this matter and it showed that Judge Haines made a finding that the defendant "appeared in open court and freely, voluntarily and understandingly pled guilty" to the offense of driving while impaired.

5. The defendant was subsequently convicted of habitual impaired driving, partly as a result of the conviction in this matter.

6. The defendant now stands accused of capital murder, partly as a result of the conviction in this matter.

7. The defendant has filed a Motion for Appropriate Relief, alleging that the defendant was deprived of constitutional rights in that the State did not inform him of the so-called "Boykin rights."

8. The defendant testified that he did not recall being informed of these rights. Further, on cross-examination, he testified that he did not recall what the judge said on that day.

9. The defendant put on three members of the defense bar who testified that they never saw defendants being advised of the so-called "Boykin rights" in district court during the time period of the matter captioned above.

10. The burden of proof by the preponderance of evidence is on the defendant in this matter.

11. The defendant has not shown to the court that any appellate courts have extended the requirement of advising defendant's [sic] of the so-called "Boykin rights" to the district courts in misdemeanor cases.

12. The State has introduced cases which seem to suggest that courts have specifically not extended that requirement to the district courts in misdemeanor cases.

13. The presiding judge in the original case made a specific finding that the plea was entered "freely, voluntarily and understandingly."

14. This court is not obligated, under law, to allow the "Boykin" motion made by defendant Bass.

15. Upon consideration of the information and arguments of counsel before the court, the motion under consideration should be denied.

Defendant contends that the trial court erred in denying his motion for appropriate relief and argues that *Boykin* requires that his conviction be vacated because there is no evidence on the record that Judge Haines advised him of his constitutional rights.

When accepting a plea of guilty, a trial court must "make sure [that the defendant] has a full understanding of what the plea connotes and of its consequence." *State v. Dammons*, 128 N.C. App. 16, 22, 493 S.E.2d 480, 484 (1997) (*quoting Boykin*, 395 U.S. at 244, 23 L. Ed. 2d at 280). The record must show that the plea was voluntary and that it was intelligently and understandingly given. *Id.* However, if evidence supports a finding of the trial court that the defendant freely, understandingly, and voluntarily pled guilty, the plea will not be disturbed. *State v. Ellis*, 13 N.C. App. 163, 165, 185 S.E.2d 40, 42 (1971).

When reviewing a motion for appropriate relief, the trial court's findings are binding on appeal if they are supported by competent evidence and may not be disturbed unless there is a manifest abuse of discretion. *State v. Wilkins*, 131 N.C. App. 220, 506 S.E.2d 274 (1998). A defendant bears the burden of proof in the trial court to show by the preponderance of evidence every fact in support of his

motion for appropriate relief. *State v. Adcock,* 310 N.C. 1, 37, 310 S.E.2d 587, 608 (1984).

In this case, defendant testified that he could not recall being informed on 28 October 1991 of his *Boykin* rights and that he was unfamiliar with the procedures in criminal court. However, he also testified that he was unable to remember anything that the judge had told him on that date. He did admit to being "a little" familiar with "the system" as he had been in court on previous charges. Three attorneys from the Guilford County bar testified that they did not recall Judge Haines informing defendants, who offered guilty pleas in district court, of their *Boykin* rights during 1991, the year when defendant offered his guilty plea. However, none of the attorneys testified that they were present in court when the defendant pled guilty. Judge Haines, in the original judgment, noted that defendant "freely, voluntarily, and understandingly pled guilty" to driving while impaired. From the evidence in the record, we conclude that there was competent evidence to support the trial court's finding that defendant had not met his burden of proof with respect to his motion for appropriate relief.

Furthermore, although defendant's motion for appropriate relief was properly taken as a direct attack on the validity of his guilty plea, we note that this motion was made for the purpose of invalidating a prior conviction which subsequently led to a conviction for habitual impaired driving. This direct attack is similar in nature to collateral attacks which this Court has addressed before. *See, e.g., State v. Creason,* 123 N.C. App. 495, 473 S.E.2d 771 (1996), *affirmed,* 346 N.C. 165, 484 S.E.2d 525 (1997); *State v. Stafford,* 114 N.C. App. 101, 440 S.E.2d 846, *disc. review denied,* 336 N.C. 614, 447 S.E.2d 410 (1994); *State v. Noles,* 12 N.C. App. 676, 184 S.E.2d 409 (1971). In each of these cases, the defendant asserted a *Boykin* claim that his guilty plea was not voluntary in an attempt to avoid either a recidivist conviction or a recidivist punishment enhancement. The United States Supreme Court recently addressed such a collateral attack to avoid a recidivist enhancement in *Parke v. Raley,* 506 U.S. 20, 121 L. Ed. 2d 391 (1992), *rehearing denied,* 506 U.S. 1087, 122 L. Ed. 2d 372 (1993). The Court held that the "presumption of regularity"—a presumption that the acts of a court were properly done absent evidence to the contrary—applies to cases wherein a final judgment has been reached, and, that in cases where no transcript is available, this presumption must be overcome by the defendant. *Id.* at 29, 121 L. Ed. 2d at 404.

While presented in the context of a direct attack, the similarity between this case and the prior cases is noted. A transcript is not available in this case and the only evidence presented to the trial court is based on the recollection of the defendant and the "habit" evidence presented by attorneys practicing at the time. Meanwhile, the trial court has before it a finding made by Judge Haines that the defendant's plea was made voluntarily. The presumption of regularity applies here as well.

Defendant cites *State v. Ratliff*, 14 N.C. App. 275, 188 S.E.2d 14 (1972) in support of his argument; however, it is distinguishable. In *Ratliff*, this Court vacated defendant's guilty plea based on a "silent" record which contained no indication that defendant's plea was made voluntarily. *Id.* In this case, the record is not silent as Judge Haines made a finding that the defendant's plea was voluntary.

For the reasons stated herein, the order of the trial court is

Affirmed.

Judges WYNN and HUNTER concur.