UNITED STATES of America,
Plaintiff-Appellee,

v.

Freddie WILLIAMS, Defendant-
Appellant.

No. 72–1269

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1972.

Rehearing Granted Sept. 25, 1972.

On Rehearing Nov. 28, 1972.

F. Irvin Dymond, William L. Crull, III, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Patrick C. McGinity, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Freddie Williams was convicted upon trial by jury of two counts of an indictment alleging sale of heroin,[1] and he appeals. We affirm.

The appellant's principal contention on this appeal is that the trial court erred in not ordering a competency hearing at the time of trial, to determine whether he was incompetent to stand trial because of narcotic addiction.[2]

The United States Code, 18 U.S.C. § 4244, provides for a competency hearing

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. In violation of former 26 U.S.C. §§ 4704 (a), 4705(a).

2. Appellant also contends that his attorney failed to render effective assistance, because he did not move for such a hearing.

on motion of the United States Attorney, of the defendant, or on the court's own motion. At the trial of this case, however, no request was made for a competency hearing, nor was the defense of insanity raised.

The sole indication of the appellant's being addicted to narcotics was contained in his and his retained counsel's remarks to the court in mitigation at the time of sentencing. Even then there was no suggestion that Appellant Williams was or had been incompetent to stand trial.

■ Use of narcotics does not *per se* render a defendant incompetent to stand trial. See Grennett v. United States, 1968, 131 U.S.App.D.C. 202, 403 F.2d 928, and cases cited in n. 4 at 931. As the Supreme Court has well stated, the "test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 1960, 362 U.S. 402, 80 S.Ct. 788, 4 L. Ed.2d 824.

■ Section 4244 provides in part that a competency hearing shall be held if there is "reasonable cause to believe that a [defendant] may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense * * *." We hold that the district court did not err in failing to order such a hearing on its own motion, since no "reasonable cause" for it was presented. Cf. United States v. Roca-Alvarez, 5th Cir. 1971, 451 F.2d 843. Expressed in another way, the district court did not abuse its discretion in failing to order *sua sponte* a hearing on the appellant's competency to stand trial. See Rice v. United States, 5th Cir. 1969, 420 F.2d 863, cert.

denied 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70; Green v. United States, 1967, 128 U.S.App.D.C. 408, 389 F.2d 949.

■ The appellant correctly contends in his brief, that he has the right to raise the issue of his competency to stand trial by filing a motion to vacate the judgment as is authorized by 28 U. S.C. § 2255. Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148; Smith v. United States, 5th Cir. 1970, 431 F.2d 565. In such proceedings he also can seek relief on grounds that his counsel failed to render effective assistance. See Atilus v. United States, 5th Cir. 1969, 406 F.2d 694. Furthermore, there is a possibility that relief may be forthcoming to the appellant under the provisions of 18 U.S.C. § 4245, governing mental incompetency of a defendant which was undisclosed at trial. We deem it inappropriate to remand the cause, on this record, for a belated § 4244 hearing.

Mr. Williams has elected to represent himself on this appeal. In consideration of this circumstance, we have meticulously examined the entire record. However, we have found nothing approaching reversible error in the proceedings below. The judgment appealed from is due to be and it is hereby affirmed.

Affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

After granting the petition for rehearing in this case we have reconsidered the issues raised on appeal in light of the supplemental brief filed by appellant's retained counsel, and we find that the contentions are without merit. Accordingly, the court adheres to its original opinion of September 11, 1972, affirming the conviction of appellant Williams.

Affirmed.