UNITED STATES of America, Plaintiff-Appellee,

v.

James ROBINSON, Defendant-Appellant.

No. 75–3905
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 23, 1976.
Rehearing Denied May 21, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

John W. Coleman, Mobile, Ala., for defendant-appellant.

Charles S. White-Spunner, Jr., U. S. Atty., Edward J. Vulevich, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant Robinson was convicted by a jury of possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1). In this appeal, he argues that the trial court erred in proceeding with the trial after becoming aware that the defendant had taken heroin within two days prior to trial and as a result was under the influence of narcotics to such an extent that he continually fell asleep during the trial.

The general test endorsed by the Supreme Court for determining competency to stand trial is

> whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.

*Dusky v. United States*, 1960, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825. The test is applicable when a defendant's addiction to or withdrawal from drugs makes his competency questionable. *Reed v. U. S.*, 5 Cir. 1976, 529 F.2d 1239 [No. 75-1545, April 12, 1976]; *United States v. Williams*, 5 Cir. 1972, 468 F.2d 819.

After the jury was impaneled in this case, the trial court on its own motion held an *in camera* hearing in which the court patiently and in detail questioned both defendant and defense counsel on whether defendant was competent to stand trial. Defense counsel initially offered the opinion that his client was "not in a condition to go to trial." After further consultation with defendant, and discussion with the court and the prosecutor, defense counsel reversed his position and indicated that he was no longer suggesting that his client was incompetent, and that the defense would not request an examination. Defendant consistently declared himself ready to proceed with the trial, and able to consult with counsel and to understand the charges against him.

The precise issue before us, then, is whether the trial court erred in failing *sua sponte* to order a delay of the trial and a competency examination for the defendant. Pursuant to 18 U.S.C. § 4244, the trial court has the power, and often the responsibility, to order such an examination *sua sponte* or on a motion from either party. In the circumstances of the case before us, however, we find no error in the trial court's decision to go ahead with the trial. The fact that a defendant is under some influence from narcotics does not *per se* render that defendant incompetent to stand trial. *See United States v. Williams, supra. Cf. Reed v. U. S., supra; Jackson v. United States,* 5 Cir. 1975, 512 F.2d 772 (addiction to narcotics does not *per se* render defendant incompetent to enter guilty plea).

In some circumstances, of course, the influence of drugs or the effects of withdrawal on a defendant could be sufficiently debilitating to reach the level of incompetency under the *Dusky* test, *supra.* The careful *in camera* questioning by the trial court in this case, and the responses of the defendant and defense counsel thereto, however, convince us that the court was fully justified in proceeding to trial without delay.

The conviction is affirmed.

AFFIRMED.