[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14916
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00061-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE HUELL LINDSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 31, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Terrance Huell Lindsey appeals his sentences for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Lindsey contends that after he pleaded guilty, the district court should have issued a sua sponte order for a competency hearing or a hearing to determine whether he should be sentenced to a mental health facility.[1]

A district court is required to order a hearing sua sponte if it has reasonable cause to believe that a criminal defendant is mentally incompetent:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court . . . shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). The district court is also required to order a competency hearing if it has reasonable cause to believe that a defendant is mentally incompetent and should be sentenced to a mental health facility:

---

[1] Lindsey's counsel initially filed a motion to withdraw and an Anders brief based on the appeal waiver in Lindsey's plea agreement. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). That motion was denied, and counsel was directed to brief the issues raised in this appeal. Lindsey admits that neither defense counsel nor the district court had reason to believe that Lindsey was mentally incompetent at the time of his plea hearing but points out that information about his mental health history came to light before sentencing.

A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court . . . at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

18 U.S.C. § 4244(a).

The test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960). "A district court must conduct a competency hearing when there is a bona fide doubt regarding the defendant's competence." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (quotation marks omitted). In the present case, neither the government nor Lindsey's trial counsel requested a competency hearing, and the district court did not order one on its own initiative.

The government argues that we should apply a plain error standard of review because the issue of competency was raised for the first time on appeal. Lindsey

3

assumes that plain error applies. But we disagree. Our predecessor court held that an abuse of discretion standard of review applies. See United States v. Williams, 468 F.2d 819, 820 (5th Cir. 1972)[2] (holding that "the district court did not abuse its discretion in failing to order sua sponte a hearing on the appellant's competency to stand trial" because there was no reasonable cause for such a hearing). The Williams case did involve an earlier version of the statute. See id.; United States v. Izquierdo, 448 F.3d 1269, 1278 n.8 (11th Cir. 2006) ("In 1984, 18 U.S.C. § 4244 was replaced by 18 U.S.C. § 4241."). Even so, Williams controls here because the earlier version of the statute imposed on the district court the same duty to inquire into a defendant's mental competency as the present version does. See Williams, 468 F.2d at 820 (noting that "Section 4244 provides in part that a competency hearing shall be held if there is 'reasonable cause to believe that a [defendant] may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense'") (quoting 18 U.S.C. § 4244) (1984)); United States v. Robinson, 530 F.2d 677, 679 (5th Cir. 1976) ("Pursuant to 18 U.S.C. [§] 4244, the trial court has the power, and often the responsibility, to order such an examination sua sponte or on a motion

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

from either party.").[3]

Furthermore, 18 U.S.C. § 4244(a) imposes on the district court the same sua sponte duty to conduct a competency hearing if it has reasonable cause to believe that a defendant is mentally incompetent and should be sentenced to a mental health facility. Therefore, we will also apply the abuse of discretion standard in our review of the court's decision not to order a hearing for that purpose. Under both statutes, applying the plain error standard of review would unduly cramp review of the district court's obligation to determine for itself whether a criminal defendant is mentally incompetent.[4] Cf. Cooper v. Oklahoma, 517 U.S. 348, 354

---

[3] There is a decision from this Court reviewing only for plain error a competency issue not raised in the district court, see United States v. Galdos, No. 07-15898, 2009 WL 139491, at *7 (11th Cir. Jan. 21, 2009), but we are not bound by that decision because it is unpublished. See, e.g., Bonilla v. Baker Concrete Constr. Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). Even if Galdos were published, Williams, 468 F.2d at 820, would trump it. See Hodges v. Att'y Gen of Fla., 506 F.3d 1337, 1341 (11th Cir. 2007) (stating that to the extent that a later published decision of this Court conflicts with an earlier one, we follow the earlier one); United States v. Hornaday, 392 F.3d 1306, 1316 (11th Cir. 2004) ("Where there is a conflict between a prior panel decision and those that came before it, we must follow the earlier ones."); Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000) ("Of course, pre-split or 'Old Fifth' decisions . . . are binding on us, and where two prior panel decisions conflict we are bound to follow the oldest one.") (citation omitted).

[4] As further support for that conclusion, we note that most of our sister courts apply the abuse of discretion standard of review to a district court's decision about whether to sua sponte order a competency hearing. See United States v. Ruston, 565 F.3d 892, 901 (5th Cir. 2009) ("Whether the district court erred in not sua sponte holding a competency hearing is reviewed for abuse of discretion."); United States v. Alden, 527 F.3d 653, 659 (7th Cir. 2008) ("We review the district court's decision not to order a competency hearing for abuse of discretion and its findings regarding a defendant's competence only for clear error."); United States v. General, 278 F.3d 389, 396 (4th Cir. 2002) ("Whether reasonable cause exists [to sua sponte order a competency hearing] is a question left to the discretion of the district court."); United States v.

5

n.4, 116 S. Ct. 1373, 1377 n.4 (1996) ("Indeed, the right not to stand trial while incompetent is sufficiently important to merit protection even if the defendant has failed to make a timely request for a competency determination.").

Having decided the applicable standard of review, we now consider whether the district court abused its discretion by not sua sponte ordering a competency hearing or a hearing on sentencing Lindsey to a mental health facility. The abuse of discretion standard means that the district court had a range of choices. See Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1218 (11th Cir. 2008) ("In applying the abuse of discretion standard, we keep in mind that when a district court has discretion, there are usually a range of choices it may make and still be affirmed; there is not only one right choice for the court to make.") (alteration and quotation marks omitted)); McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001) ("As we have observed, the abuse of discretion standard of review recognizes that for the matter in question there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been

Quintieri, 306 F.3d 1217, 1232–33 (2d Cir. 2002) ("A district court's determination that 'reasonable cause' to hold a competency hearing is absent is reviewed only for abuse of discretion."); but see United States v. Fernandez, 388 F.3d 1199, 1250–51 (9th Cir. 2004) ("Since Fernandez raises the issue of his competence for the first time on appeal, we review for plain error the district court's failure to order a competency hearing sua sponte.").

ours to make."); In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) ("By definition, however, under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call.").

We have explained that three factors apply in an analysis of whether a district court should have sua sponte conducted a competency hearing:

> A trial court must conduct, sua sponte, a competency hearing when the information known to the trial court at the time of the trial or plea hearing is sufficient to raise a bona fide doubt regarding the defendant's competence. Courts focus on three factors in determining whether the trial court violated the defendant's procedural due process rights by failing to hold sua sponte a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial. Such an analysis focuses on what the trial court did in light of what it knew at the time of the trial or plea hearing.

Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990) (citations omitted).[5]  In the present case defense counsel attached psychiatric records to Lindsey's sentencing memorandum in support of a downward variance under 18 U.S.C. § 3553(a) based on diminished capacity.  Those records show that Lindsey was treated for mental

---

[5] We did not set forth a standard of review in Tiller.  See generally id.  We held that the trial court violated the defendant's due process rights by not sua sponte ordering a hearing because "[n]ot only did the trial court possess evidence of Tiller's past irrational behavior, but the court also possessed uncontroverted psychiatric evaluations which concluded that Tiller suffered from severe paranoid schizophrenia."  Id. at 577.

7

health problems during a single visit to the Mobile Mental Health Center on April 24, 2007, and his condition was assessed by Dr. William Billett.

Dr. Billett's intake assessment notes in the category of "History of Present Illness" state that Lindsey "complain[ed] of hearing voices." Dr. Billett observed that Lindsey did very little talking and mainly depended on his cousin to communicate. He reported that Lindsey hears voices "tell[ing] him to hit people," and he has an imaginary friend named Carl. He does not sleep well because he likes to stay up with Carl. He does not eat well because "food is nasty." He gets physically aggressive. His aunt stated that Lindsey had an anger problem, and in school he was often in trouble and was a slow learner. Lindsey was described as being "fearful at times and appear[ing] bewildered."

In the summary section of the intake assessment, Dr. Billett observed that Lindsey reported having experienced those symptoms for "a long time" but also reported "not having previous psychiatric treatment." His diagnosis was "Major Depression with Psychotic Features R/O [rule out] Schizoaffective Disorder."[6] Dr. Billett recommended hospitalization, but Lindsey refused. The report states that Lindsey was prescribed Invega and Zoloft and "the risks vs benefits" were explained to him and he "understands and agrees to medication." A consumer

---

[6] The parties agree that "R/O Schizoaffective Disorder" means "rule out" that disorder.

medication form listed Zoloft, Invega, and Prozac as Lindsey's prescribed medications.

A discharge summary form dated February 1, 2008, gives the reason for discharge as "no contact for 90 days" and states that "[l]ast kept appointment was April 5, 2007." It lists as reason for admission "[d]epressed mood, anger, poor sleep, crying episode, nausea, self-isolates, stays in bed all the time, suicidal ideations." It also reports "[l]ow self esteem, feeling of worthlessness."

The PSR, which Lindsey did not object to, noted that Lindsey had been treated for mental illness at the Mobile Mental Health Center and that "[t]he diagnosis is unknown." The PSR went on to state:

> Lindsey was prescribed Sertraline, 100 mg, by Dr. William Billett. Sertraline is used to "treat depression, obsessive-compulsive disorder (bothersome thoughts that won't go away and the need to perform certain actions over and over), panic attacks (sudden, unexpected attacks of extreme fear and worry about those attacks), posttraumatic stress disorder (disturbing psychological symptoms that develop after a frightening experience), and social anxiety disorder (extreme fear of interacting with others or performing in front of others that interferes with normal life"). According to Lindsey, the center diagnosed him as "crazy," but he states that he is not "crazy." The defendant advised that he was prescribed a psychotic medication; however, he never took it.

The PSR observed that "[d]uring the presentence interview, Lindsey communicated without difficulty, and appeared to understand the seriousness of the charges he is now facing."

9

We consider what the district court knew at the time of sentencing to determine if it should have had "a bona fide doubt regarding the defendant's competence." Rahim, 431 F.3d at 759. Based on Lindsey's medical records and the PSR, the district court knew that about one year before Lindsey jumped over a bank counter and took $11,842 in cash from the tellers' drawers while his co-defendant pointed a shotgun at bank employees and customers, Lindsey had kept one appointment for mental health treatment at the Mobile Mental Health Center. Lindsey's counsel represented to the court that Lindsey was "fully competent to enter a valid plea" at the plea hearing. Lindsey testified to the court that he understood the charge against him in the indictment and had discussed with his attorney all of the facts surrounding the charge. Lindsey stated that he had read the plea agreement, had discussed it with counsel, and understood its terms and conditions. He also stated that he understood the sentence he was facing if he was convicted of the two counts charged in the indictment. The district court told Lindsey that he would be bound by his plea even if the sentence was more severe than he expected or if he did not like the sentence, and Lindsey stated that he understood.

Before sentencing, Lindsey's counsel filed a request for a downward variance from the guidelines range based on diminished capacity. Counsel stated:

"Although Lindsey's mental competency is not at issue in this case, Lindsey indicated to defense counsel that he wishes to apprise the Court of his past mental history at this time." Counsel attached Lindsey's medical records from the Mobile Mental Health Center, containing the medical history that we have already recounted.

At the sentencing hearing, Lindsey's counsel again asked the court to consider Lindsey's mental health history as a factor supporting a downward variance under § 3553(a). Counsel explained that Lindsey's grandfather had informed her about those mental health problems and that Lindsey had denied them "out of embarrassment." Lindsey's grandmother addressed the court and stated that "I had to take him to the doctor to get medication, so I don't know why he didn't tell you." Lindsey's grandfather told the court that Lindsey was a "follower" and was "easily influenced" by others. Lindsey told the court that he was "sorry for [his] actions and that it will never happen again."

The district court found that any treatment Lindsey had at Mobile Mental Health Center was not grounds for a § 3553(a) downward variance based on diminished capacity. The court observed, based on the PSR, that Lindsey had been committing crimes since he was twelve years old and that he "essentially [had] committed some crime if not more than one crime every year of [his] life since age

11

12." The court noted that Lindsey had other charges pending in Alabama state court and in a court in Mississippi.

Based on the evidence before it, the district court did not abuse its discretion by not issuing an order for a competency hearing. Lindsey's conduct in court at his plea and sentencing hearings gave the district court (and Lindsey's trial counsel) no reason to believe that Lindsey had a present inability to assist his counsel or to understand the charges against him. We have stated:

> Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. . . . The fact that a defendant has been treated with anti-psychotic drugs does not per se render him incompetent to stand trial.

Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citations, quotation marks, and alteration omitted). All of the information before the district court indicated that Lindsey was able to engage in meaningful participation in the proceedings against him.

The district court's decision not to issue a sua sponte order for a competency hearing under either 18 U.S.C. § 4241(a) or 18 U.S.C. § 4244(a) was not an abuse of discretion. There was no reasonable cause for the court to believe that Lindsey presently was suffering from a mental disease or defect.

**AFFIRMED.**