[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11605
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00107-CR-FTM-99-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEAN LAWTHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 7, 2009)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Dean Lawther appeals his conviction for transporting a visual

depiction involving the sexual exploitation of minors in interstate commerce in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). On appeal, Lawther argues that his conviction should be vacated and his case remanded to the district court for further proceedings because his due process rights were violated. Lawther claims that the district court should have *sua sponte* ordered a competency hearing at sentencing pursuant to 18 U.S.C. § 4241(a) because the information he presented was sufficient to raise a *bona fide* doubt of Lawther's competency. To substantiate his position, Lawther notes that Dr. Frederick Schaerf, a psychiatrist who testified at sentencing, specifically detailed Lawther's history of sexual abuse, learning difficulties, drug and alcohol abuse, anxiety, depression, and low intelligence. In addition, Lawther emphasizes that he told the district court that his medications were out of control, that he was suffering from depression, and that he was having mood swings and other psychological issues. Accordingly, Lawther contends that the district court's failure to conduct at least some inquiry into his competency, including questions regarding the amount and types of medications that he was using, and to order a competency hearing amounted to reversible error.

We review a district court's failure to order a competency hearing *sua sponte* under an abuse of discretion standard. *See United States v. Williams*, 468

2

F.2d 819, 820 (5th Cir. 1972)[1] (interpreting a prior version of 18 U.S.C. § 4241(a) and stating that "the district court did not abuse its discretion in failing to order *sua sponte* a hearing on the appellant's competency to stand trial."). *See also United States v. Lindsey*, 2009 WL 2345209 (11th Cir. Jul. 31, 2009) (No. 08-14916) (relying on *Williams*).

Section 4241(a) of Title 18 of the U.S. Code provides that:

> [a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . . The court shall . . . order [a hearing to determine mental competency] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a); *see also* 18 U.S.C. § 4244(a) (requiring the court to *sua sponte* order a hearing to determine whether a defendant is in need of treatment for a mental disease or defect prior to sentencing, but after the defendant's conviction, if there is substantial information indicating that the defendant is suffering from a mental disease or defect). "Whether [a] defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of [the] trial [including

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

sentencing]." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam).

Accordingly, "[a] district court must conduct a competency hearing when there is a 'bona fide' doubt regarding the defendant's competence." *Id.* The test for determining competence to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789, 4 L. Ed. 2d 824 (1960) (per curiam). Lastly, when a defendant's counsel fails to raise the issue of a defendant's competency at the trial level, this is "persuasive evidence that [the defendant's] mental competence was not in doubt." *United States v. Rodriguez*, 799 F.2d 649, 655 (11th Cir. 1986).

Because the record demonstrates that Lawther was both able to aid in his defense and understand the proceedings against him, we conclude that there was no *bona fide* doubt as to his competency at sentencing. Accordingly, the district court did not err in failing to conduct a competency hearing, and we affirm Lawther's conviction.

**AFFIRMED.**

4