[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2010
JOHN LEY
CLERK

No. 09-15283
Non-Argument Calendar
_____

D.C. Docket No. 09-cr-103-J-25TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON GLASPY,
a.k.a. Ray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2010)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Leon Glaspy pled guilty to all counts of a three-count indictment—two counts of distributing cocaine base and one count of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)—and the district court sentenced him to concurrent prison terms of 188 months. He appeals his convictions on two grounds: (1) the district court plainly erred when it failed to *sua sponte* conduct a hearing to determine whether he was competent to enter his guilty pleas; (2) the magistrate judge's misstatements during his change-of-plea hearing concerning the length of the term of supervised release that he faced affected his substantial rights. He appeals his sentences on the grounds that they are procedurally and substantively unreasonable. We first address Glaspy's challenges to his convictions, then address the challenges to his sentences.

## I.

### A.

We review a district court's failure to *sua sponte* order a hearing on a defendant's competency to plead guilty or stand trial for abuse of discretion. *United States v. Williams*, 468 F.2d 819, 820 (5th Cir. 1972). This standard applies even where the defendant did not request a competency hearing. *Id*. Although *Williams* involved an earlier version of the mental competency statute, both that version and the current version impose on the district court the same duty

2

to inquire into a defendant's mental competency. *See id.*; *United States v. Izquierdo*, 448 F.3d 1269, 1278 n.8 (11th Cir. 2006) ("In 1984, 18 U.S.C. § 4244 was replaced by 18 U.S.C. § 4241."); 18 U.S.C. § 4241.

The right not to plead guilty while incompetent is one of the most fundamental constitutional rights. *Drope v. Missouri*, 420 U.S. 162, 171-72, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). The district court must *sua sponte* order a hearing to determine the mental competence of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966) (holding that a trial court must conduct, *sua sponte*, a competency hearing when the information known to the trial court at the time of the trial or plea is sufficient to raise a bona fide doubt regarding the defendant's competence). A defendant is competent to plead guilty if he "has sufficient present ability to consult with his . . . lawyer with a reasonable degree of rational understanding and . . . has a rational as well as factual understanding of the proceedings." *Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990) (citation and internal quotations omitted).

We consider three factors in determining whether the district court denied the defendant's right to procedural due process by failing to *sua sponte* conduct a competency hearing: (1) whether the defendant evidenced irrational behavior before the court; (2) whether his demeanor before the court indicated a lack of competence to proceed; and (3) whether the court was aware of any prior medical opinion regarding the defendant's competence to stand trial. *Drope*, 420 U.S. at 180, 95 S.Ct. at 908. The failure of a defendant or his counsel to raise the competency issue is "persuasive evidence that no *Pate* violation occurred." *Reese v. Wainwright*, 600 F.2d 1085, 1092 (5th Cir. 1979) (involving a habeas corpus petition). Mental retardation alone does not make a person incompetent to stand trial. *Atkins v. Virginia*, 536 U.S. 304, 318, 122 S.Ct. 2242, 2250, 153 L.Ed.2d 335 (2002).

In this case, Glaspy has not shown that the district court abused its discretion in failing to *sua sponte* order a competency hearing. The record contains no evidence indicating that he behaved irrationally, that his attorney requested a competency hearing, or that the court was aware of a prior medical opinion regarding his competence to stand trial.

B.

Because Glaspy did not object to the colloquy the magistrate judge conducted pursuant to Federal Rule of Criminal Procedure 11, we review the magistrate judge's misstatement for plain error. *United States v. Bejarano*, 249 F.3d 1304, 1306 (11th Cir. 2001). To establish plain error, Glaspy "must show that there is (1) error (2) that is plain and (3) that affect[s] substantial rights." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003) (internal quotations omitted). If those conditions are met, we have the discretion to notice the forfeited error only if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*. Glaspy bears the burden of showing that he was prejudiced by a clear and obvious error that affected his substantial rights. *Bejarano*, 249 F.3d at 1306.

To establish prejudice in the context of a Rule 11 error, Glaspy must show a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). We consider the record as a whole in assessing whether a Rule 11 error affected the defendant's substantial rights. *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Even if Glaspy establishes prejudicial error, we may not remedy that error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."

*Puckett v. United States*, 556 U.S. ___, ___, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009) (alteration, internal quotations, and citation omitted).

In *United States v. Brown*, the defendant was improperly advised by both a written plea agreement and the district court that he faced a maximum three-year term of supervised release, rather than five years to life. 586 F.3d 1342, 1345 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2403 (2010). He ultimately received a life term of supervised release. *Id*. Under these facts, we held that, because the incorrect term of supervised release had been corrected in the PSI, and the defendant had not objected to the PSI's statement concerning his statutory range of supervised release, the defendant's conduct indicated that his substantial rights were not harmed by the error. *Id*. at 1346.

Rule 11 requires the court to inform a defendant of, among other things, "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(I). The mandatory minimum terms of supervised release were three years for Counts One and Two, and four years for Count Three. 21 U.S.C. § 841(b)(1)(B), (b)(1)(C).

Although the magistrate judge affirmatively misadvised Glaspy about the term of supervised release that he faced, Glaspy has not shown that this error affected his substantial rights where he had notice of the correct term from his

arraignment hearing, from the government's notice of maximum penalties, and from the presentence investigation report.

## II.

We review a sentence imposed by a district court for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The burden of proof is on the party challenging the reasonableness of the sentence. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

In reviewing the reasonableness of a sentence, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The district court is not required to specifically discuss each § 3553(a) factor, provided that the court acknowledges that it considered all of the factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). However, the sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a

reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

After determining that a sentence is procedurally reasonable, we must determine whether the sentence imposed is substantively reasonable based on the factors in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. These factors include, among other things, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the advisory guideline range. 18 U.S.C. § 3553(a). The district court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purpose of these factors. *See id*. We have recognized that "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. We "will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment." *United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008) (internal quotation omitted), *cert. denied*, 129 S.Ct. 2848 (2009).

Glaspy's sentences are procedurally reasonable because the district court, *inter alia*, adequately explained its basis for denying Glaspy's request for a variance, noting that the facts of the case did not justify a departure, that Glaspy's situation already had been dealt with as best it could by the system, and that Glaspy previously had been sentenced for drug trafficking. Glaspy's sentences also are substantively reasonable given the fact that his prior incarcerations did not deter his drug trafficking and he repeatedly returned to committing crime after being released from prison.

Glaspy's convictions and sentences are

AFFIRMED.