[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12946
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80089-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONAS MICHEL,
a.k.a. Ya Yo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 6, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jonas Michel appeals his conviction and 72-month sentence for

being a felon in possession of a firearm and ammunition, in violation of 18

U.S.C. § 922(g)(1).  On appeal he argues that the district court abused its discretion by failing to order *sua sponte* a competency hearing prior to accepting his guilty plea.  He further argues that his sentence is substantively unreasonable because the district court failed to weigh properly his diminished capacity.

## I.    Competency

We review for an abuse of discretion a district court's failure to order *sua sponte* a hearing on a defendant's competency to stand trial.  *See United States v. Williams*, 468 F.2d 819, 820 (5th Cir. 1972) (holding that the district court did not abuse its discretion when it did not order *sua sponte* a competency hearing).  A defendant is competent where he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and has a rational and factual understanding of the proceedings against him.  *United States v. Rahim*, 431 F.3d 753, 759 (2005) (internal quotation marks omitted).  "[T]he defendant must be competent at all stages [of the proceedings.]"  *Id.*

The district court must order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  A competency hearing is thereby required where a bona fide doubt exists as to whether the defendant is

2

competent.  *See Rahim*, 431 F.3d at 759.  We consider three factors in determining whether the district court denied a defendant due process by failing to order *sua sponte* a competency hearing: (1) whether the defendant evidenced irrational behavior; (2) whether the defendant's demeanor indicated a lack of competence to proceed; and (3) whether there is any prior medical opinion regarding the defendant's competence.  *See Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990).  This analysis focuses on what the district court did in light of what it knew at the relevant time.  *See id.*  A defendant's failure to raise the competency issue before the district court is persuasive evidence that competency is not in doubt. *See United States v. Rodriguez*, 799 F.2d 649, 655 (11th Cir. 1986).

We conclude from the record that Michel has not demonstrated that the district court abused its discretion when it failed to order *sua sponte* a competency hearing before it accepted his plea.

## II.    Substantive Reasonableness

We review the reasonableness of a defendant's sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007), and the party challenging the sentence bears the burden of demonstrating that it is unreasonable, *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of

3

sentencing listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide needed educational or vocational training, or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines range, pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need for restitution. *Id*. § 3553(a)(1), (3)-(7).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it balances the § 3553(a) factors in such a way that is not reasonable, or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1189, 1192-94 (11th Cir. 2010) (*en banc*), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1813 (2011). We will only reverse a sentence as substantively unreasonable if, after considering the totality of the facts and circumstances, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors so that the sentence falls outside the range of reasonable sentences dictated by the facts of the case. *Id*. at 1189-90. The weight given to the § 3553(a) factors is committed to the district court's sound discretion, and we will not substitute our own judgment in

4

that respect so long as the district court does not commit a clear error of judgment. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012); *United States v. Barrington*, 648 F.3d 1178, 1204 (11th Cir. 2011), *cert. denied*, ___ U.S. ___,132 S. Ct. 1066 (2012).  Sentences that fall within the applicable Guidelines range are ordinarily expected to be reasonable, and the fact that a sentence falls appreciably below the statutory maximum further tends to indicate substantive reasonableness. *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006); *Talley*, 431 F.3d at 788.

We conclude from the record that Michel has not demonstrated that his sentence is substantively unreasonable.  Accordingly, we affirm Michel's conviction and sentence.

**AFFIRMED.**