[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11125
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00374-RBD-KRS-1; 6:11-cr-00255-RBD-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAQUEL D'SARONNO,
a.k.a. Raquel Arosho,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 15, 2014)

Before CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Raquel D'Saronno appeals her convictions for one count of wire fraud and

one count of possession of a firearm as a convicted felon.  She contends that:  (1)

the magistrate judge erred in determining that she was mentally competent; (2) she

was not mentally competent at the time of her guilty plea and, as a result, the district court should have ordered a competency hearing on its own motion; and (3) her plea was not knowing and voluntary.

I.

D'Saronno was initially indicted on one count of wire fraud, in violation of 18 U.S.C. § 1343, six counts of bank fraud, in violation of 18 U.S.C. § 1344, and three counts of uttering a counterfeit check, in violation of 18 U.S.C. § 513. Those charges stemmed from her attempt to buy a house using counterfeit checks, forged checks, checks written on accounts with insufficient funds, and a fraudulently initiated wire transfer. When the government later found two handguns in her possession, she was also indicted on two counts of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). She pleaded not guilty on all counts.[1]

D'Saronno's counsel moved for a competency examination, asserting that there were reasons to believe that she was not competent to stand trial. In response to defense counsel's request, the district court referred the case to a magistrate judge for a competency determination. As part of that determination, Dr. Jorge Luis, a forensic psychologist from the Federal Bureau of Prisons, evaluated D'Saronno and issued a report saying that, despite suffering from several

---

[1] Though assigned different case numbers, D'Saronno's fraud (no. 6:11-cr-00255) and firearm (no. 6:11-cr-00374) cases were handled together.

2

psychological disorders, she was competent to stand trial.  Relying on that report, the magistrate judge found D'Saronno to be legally competent, a ruling that she did not appeal to the district court.

D'Saronno later agreed to plead guilty to one count of wire fraud and one count of possession of a firearm as a convicted felon.  At her change-of-plea hearing before the district court, she denied being under the influence of drugs, alcohol, or medication[2] and testified that she was able to understand where she was, what she was doing, and the importance of the proceeding.  When asked if she was in full control of her faculties, she responded "of course."  D'Saronno's counsel echoed her assertions.  The attorney said that though he had concerns about her competency several months earlier, he had seen "a dramatic improvement" in her mental state since then.  He even indicated that D'Saronno was "extremely coherent," "able to meaningfully assist" in her defense, and able to discuss legal and factual challenges.  D'Saronno testified that those statements were accurate by agreeing with them.

D'Saronno also testified that she understood her rights and acknowledged that some of those rights would be waived by pleading guilty.  She recognized that the court would consider the sentencing guidelines when sentencing her but that it

---

[2] Her counsel interjected to say that D'Saronno was in fact taking Prozac and an anti-anxiety medication, but she testified that those medications did not affect her ability to understand the proceedings.

was not bound by them. She said she understood the elements of the offenses with which she was charged. And after being shown a copy of her plea agreement and hearing the district court summarize portions of it, she swore that she understood the agreement's terms, including the terms that had not been summarized. She also acknowledged signing the agreement. D'Saronno then pleaded guilty. After ensuring that her plea was freely, voluntarily, knowingly, and intelligently made and after confirming that D'Saronno agreed with the factual basis of the charges against her, the district court accepted the plea. Rejecting her request for a time-served sentence of 16.5 months, the court sentenced her to 72 months imprisonment on each count with the two sentences to run concurrently.

## II.

D'Saronno contends that the magistrate judge erred in finding that she was mentally competent to stand trial. Because she did not challenge that ruling in the district court, however, we do not have jurisdiction to review it on appeal. United States v. Schultz, 565 F.3d 1353, 1359, 1362 (11th Cir. 2009) (holding that we lack jurisdiction to hear appeals directly from federal magistrate judges). That part of her appeal is dismissed.

## III.

D'Saronno next contends that she was not mentally competent at the time of her guilty plea and that the district court erred in not ordering a competency

4

hearing on its own motion.  Generally, we review an issue raised for the first time on appeal only for plain error.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  When reviewing a district court's failure to order a competency hearing on its own motion, however, an abuse of discretion standard applies.  See United States v. Williams, 468 F.2d 819, 820 (5th Cir. 1972).[3]

The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent.  See U.S. Const. amend. V.  "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial."  United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005).  A district court is required to order on its own motion a competency hearing under certain circumstances:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the court shall . . . order [a hearing to determine mental competency] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense.

18 U.S.C. § 4241(a).  In line with that statute, the test of a defendant's competency is whether she "has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and whether she has "a rational as

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

well as factual understanding of the proceedings against [her]." Rahim, 431 F.3d at 759 (quotation marks omitted).

Based on D'Saronno's previous competency evaluation, her testimony and her attorney's responses to questions about her competency at the plea hearing, and her conduct in the course of the plea hearing, there was no reasonable cause to believe that she was mentally incompetent. See 18 U.S.C. § 4241(a). The record shows that she rationally consulted with her attorney and had both a rational and factual understanding of the proceedings against her. As a result, the district court did not abuse its discretion in failing to order a competency hearing for her on its own motion.

IV.

D'Saronno last contends that her plea was not given knowingly and voluntarily, as required by Federal Rule of Criminal Procedure 11. Because D'Saronno made no objections to the plea colloquy before the district court, we review this claim only for plain error. See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). To establish plain error, D'Saronno "must show that: (1) an error occurred; (2) the error was plain; (3) it affected [her] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Rodriguez, 627 F.3d 1372, 1380 (11th Cir. 2010).

"Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). And when accepting a guilty plea, a court must address the three core Rule 11 concerns: (1) that the guilty plea is free from coercion; (2) that the defendant understands the nature of the charges; and (3) that the defendant knows and understands the consequences of her plea. See Hernandez-Fraire, 208 F.3d at 949.

At the change-of-plea hearing, the district court ensured that D'Saronno's plea was free from coercion, that she understood the nature of the charges against her, and that she knew and understood the consequences of her plea. See id. It also determined that there was a factual basis for the plea, a factual basis that D'Saronno agreed to. See Fed. R. Crim. P. 11(b)(3). D'Saronno has not shown that her guilty plea was anything other than knowing and voluntary, and the district court did not err, much less plainly err, in accepting that plea. We affirm her convictions.

**DISSMISED IN PART, AFFIRMED IN PART.**