[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12634
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00259-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER EUGENE BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 10, 2016)

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sylvester Bennett appeals the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e).  Bennett's supervised release was revoked because of his arrest for domestic battery.  He argues on appeal that the district court abused its discretion by not inquiring into his mental health when accepting his guilty plea and waiver of the revocation proceeding.

We review a district court's failure to <u>sua sponte</u> order a competency hearing for abuse of discretion.  <u>See</u> <u>United States v. Williams</u>, 468 F.2d 819, 820 (5th Cir. 1972) (per curiam).[1]  If, at any time after the defendant begins supervised release but before he completes his sentence, "there is reasonable cause to believe that [he] may presently be suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him," then the district court must <u>sua sponte</u> conduct a competency hearing.  18 U.S.C. § 4241(a).  The information the district court has must be "sufficient to raise a bona fide doubt regarding the defendant's competence."  <u>Tiller v. Esposito</u>, 911 F.2d 575, 576 (11th Cir. 1990).

The test for determining competence to plead guilty is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether the defendant has a rational as well as factual understanding of the proceedings against him."  <u>Id.</u> (quotation and

---

[1] Decisions of the Fifth Circuit rendered prior to October 1, 1981, are binding on this Court.  <u>See</u> <u>Bonner v. City of Prichard,</u> 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

alterations omitted).  To determine whether the district court violated the defendant's procedural due process rights by failing to hold a competency hearing, we consider evidence of: (1) "the defendant's irrational behavior"; (2) "the defendant's demeanor" during the proceeding; and (3) "any prior medical opinion regarding the defendant's competence."  Id.

Bennett argues that the district court should have held a competency hearing because the court had evidence that family members believed he had a mental illness and that his probation officer had requested that he be put in a mental health program.  Despite this information, there was no evidence that Bennett behaved irrationally around the time of the revocation hearing and his demeanor was unexceptional.  The district court repeatedly asked Bennett if he understood the charges against him and Bennett confirmed that he did.  Beyond that, there was no earlier medical opinion regarding his mental competency.

The district court did not abuse its discretion by failing to sua sponte conduct a competency hearing because the information known to it did not raise a bona fide doubt regarding Bennett's competence.  Accordingly, upon careful review, we affirm the revocation of Bennett's supervised release.

**AFFIRMED.**

3