[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10340
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20133-JAL-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARKEITH COX,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 6, 2017)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Markeith Cox appeals the revocation of his supervised release.  He argues that the district court abused its discretion by failing to hold a hearing *sua sponte* to determine his competency before revoking his supervised release.  After careful review, we affirm.

I.

Cox completed a term of incarceration in October 2010 and began a five year term of supervised release.  Among other conditions of his supervised release, Cox was required to:  participate in a sex offender treatment program, to include psychological testing and polygraph examination; comply with all sex offender registration and notification requirements set forth in the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901, and state law; and follow the instructions of the probation officer.  Within the next five years, due to numerous violations of these terms, Cox's supervised release was revoked four times.

In March 2012, the district court revoked Cox's supervised release for failing to, among other things, comply with SORNA's registration and notification requirements and timely provide local police and his probation officer with his new residential address.  The district court sentenced Cox to time served and 44 months of supervised release.  In March 2013, the district court again revoked Cox's supervised release.  Cox had failed once again to comply with SORNA's registration and notification requirements and timely provide local police and his

2

probation officer with his new residential address.  He had also failed to attend his assigned sex offender treatment program.  The district court sentenced Cox to 4 months' imprisonment and 51 months' supervised release.  In April 2015, the district court revoked Cox's supervised release a third time, for violations not stated in the record.  The court sentenced him to 6 months' imprisonment and 48 months' supervised release.

Cox's revocation is at issue in this appeal.  In June 2016, the probation office petitioned the district court for revocation of Cox's supervised release, alleging 13 different violations, including:  10 instances of failing to participate in his sex offender treatment program, one instance of failing to comply with SORNA's registration and notification requirements, one instance of failing to follow the probation officer's instructions, and one instance of failing to register as a sex offender as required by Florida law.

The district court conducted a hearing at which Cox admitted all 13 violations.  The court then conducted a colloquy to ensure that Cox wished to plead guilty to violation of the terms of his supervised release.  In response to the court's questions, Cox affirmed that he was not under the influence of any drug, medication, or alcohol; had not recently been under the care of a doctor or psychiatrist; had not recently been hospitalized; understood the rights he was waiving by pleading guilty; understood the charges against him; and wished to

3

plead guilty.  Finding Cox fully competent, the district court accepted his plea and adjudicated him in violation of the terms of his supervised release.

At sentencing, the government moved for an upward variance based on Cox's repeated violations of the terms of his supervised release.  Cox objected.  He asserted that he sometimes forgot to register when required.  He told the court, "I do forget.  It happens.  Everybody forgets certain things."  Doc. 96 at 19.  And, he asserted, he was living under a bridge while trying to support a family, all of which made it difficult to register.  Cox also explained that the treatment program put him in the uncomfortable position of divulging painful aspects of his past, including his family history of substance abuse and physical abuse.  After considering the factors delineated in 18 U.S.C. § 3553(a),[1] the district court granted the government's motion for an upward variance and sentenced Cox to 3 years' imprisonment and 5 years' supervised release.

This is Cox's appeal.  On appeal, he challenges only the district court's failure to order a competency hearing *sua sponte* in light of his homelessness, personal history, and forgetfulness.

## II.

---

[1] These factors include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges.  *See* 18 U.S.C. § 3553(a)(1)-(5).

We review for an abuse of discretion the district court's decision not to conduct a competency hearing *sua sponte*, even when the defendant makes the challenge for the first time on appeal. *United States v. Williams*, 468 F.2d 819, 820 (5th Cir. 1972);[2] *see United States v. Wingo*, 789 F.3d 1226, 1235-36 & n.10 (11th Cir. 2015) (applying *Williams*, which construed the former mental incompetency statute, to the statute now in effect, 18 U.S.C. § 4241).

## III.

"[A]t any time after the commencement of probation or supervised release and prior to the completion of the sentence," the district court must order a hearing *sua sponte* to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Failure to do so presumptively amounts to a due process violation. *See Watts v. Singletary*, 87 F.3d 1282, 1286 (11th Cir. 1996).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

Cox asserts that his homelessness, personal history, and repeated violations due to forgetfulness made it evident to the district court that inquiry into his competency was warranted. We disagree.

In determining whether the district court should have held a competency hearing, there are "no fixed or immutable signs," but "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). Ultimately, we "focus[ ] on what the trial court did in light of what it knew at the time" of the revocation hearing. *Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990).

Cox seems to acknowledge that the record contains no evidence of irrational behavior, his demeanor before the district court was not out of the ordinary, and there was no prior medical opinion suggesting he might be incompetent. Instead, he takes issue with *Drope*'s test, asserting that it fails to account for memory or cognitive deficiencies, especially for someone in his circumstances (*i.e.*, his homelessness). Even assuming, however, that Cox's critique of the test is warranted—and we doubt it is considering that the factors it identified are not exhaustive—his brief implicitly acknowledges that any evidence of his mental deficiencies would not have been known to the district court:

> If there is a medical explanation for Mr. Cox's memory impairment, then [the *Drope*] test would not catch it. If he behaves irrationally,

6

there is no one to testify to it because Mr. Cox is homeless.  A homeless person like Mr. Cox cannot document his day-to-day behaviors or provide a physician's opinion but may nonetheless be impaired.

Appellant's Brief at 12 (citation omitted).  Evidence not known to the district court cannot factor into our analysis of whether the court should have ordered a hearing. *See Tiller*, 911 F.2d at 576.[3]

Instead, we must focus on what the district court knew. *Id.*  The district court was aware that Cox came from a family background that was tumultuous at best, was experiencing homelessness, and was at times forgetful.  Although Cox's background and homelessness are unfortunate, based on this record cause to question Cox's competency was not so evident that the district court abused its discretion in failing to act on it.  Indeed, by Cox's own testimony, his forgetfulness was garden-variety.  *See* Doc. 96 at 19 ("I do forget.  It happens.  Everybody forgets certain things.").

For these reasons, we conclude that the district court was within its discretion not to hold a hearing *sua sponte* to determine Cox's competency.  The judgment of the district court is affirmed.

**AFFIRMED.**

---

[3] We are unpersuaded by Cox's suggestion that the district court's comment, devoid of context, that Cox "is unable . . . to comply with sex offender treatment" indicates that the district court was aware of the possibility that Cox was suffering from a mental problem that might render him incompetent.  Doc. 96 at 27-28.  In context, it is clear that the district court was referring to Cox's repeated violations of the same terms of his supervised release, not the cause for such violations.